UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM E. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:11-cv-00119 |
| ) | Judge Sharp |
| v. ) | Magistrate Judge Bryant |
| ) | |
| W.C. WHITE, individually and d/b/a ) | Jury Demand |
| TENNESSEE MILLS and BARTLETT ) | |
| MILLS, DAVID WHITE, and THOMAS ) | |
| WHITE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Defendant W.C. White filed a Motion for Partial Judgment on the Pleadings (Docket Entry No. 18), in which he seeks dismissal of Plaintiff William E. Johnson's outrageous conduct claim, to which Plaintiff responded in opposition (Docket Entry No. 20). For the reasons set forth herein, Defendant W.C. White's Motion will be granted.

## FACTUAL BACKGROUND

According to the allegations in the Second Amended Complaint, which the Court must accept as true for present purposes, the relevant facts are as follows:

Defendant W.C. White is the owner of Tennessee Mills and Bartlett Saw Mill (collectively, the "Mills") (Docket Entry No. 1 ¶ 2). Defendants David White and Thomas White are the sons of W.C. White and management employees at the Mills. (Id.) Until his discharge in April 2011, Plaintiff had been employed by the Mills for approximately 11 years. (Id. ¶ 5.) From 2010 to 2011, Defendant W.C. White employed 35-40 employees, a majority of whom were illegal immigrants from Mexico. (Id. ¶ 6.) Beginning in 2010, Miguel Barrigan, an

1

illegal alien co-worker, sexually harassed Plaintiff. (Id. ¶ 7.) "Barrigan made countless overtures to [P]laintiff of a homosexual design verbally, written, and by e-mails." (Id.) Plaintiff was not receptive to Barrigan's advances and asked that he stop. (Id.) Plaintiff complained to his supervisor, David White. (Id.) Plaintiff was advised that he had to get along with Barrigan and to ignore his advances. (Id. ¶ 8.) The harassment diminished slightly until the spring of 2011 when Barrigan began exhibiting psychotic behavior at the plant and brandishing a loaded pistol which he would fire indiscriminately outside the closed work area. (Id.) Plaintiff re-approached David White with complaints about Barrigan, which in turn, caused David White to confront Barrigan. (Id.) As a result of these incidents, Plaintiff was told to leave the Mills on a "paid leave of absence until notified to return.["] (Id.) Several days later, when Plaintiff called the Mills, he was advised it was not safe to return and on April 29, 2011, he was terminated because "he would cause a lot of trouble and conflict if he returned." (Id. ¶¶ 8-9.)

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts evaluate a motion filed under Rule 12(c) using the same standard of review as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Roth v. Guzman, 650 F.3d 603, 605 (6th Cir. 2011). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007).

Thus, a court must take "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in

2

the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)).

A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and this entails showing "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S.Ct. at 1949. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

## ANALYSIS

Here, Plaintiff avers that W.C. White, David White and Thomas White committed outrageous conduct by "condoning these activities for months and then firing the innocent victim of these acts". (Docket Entry No. 1 ¶ 10). However, Defendant W.C. White asserts that Plaintiff's allegations fail to meet the high threshold standard required for a claim of outrageous conduct.[1] Under Tennessee law, there are three elements of a claim for outrageous conduct: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by a civilized society; and (3) the conduct complained of must result in serious mental injury. Lane v. Becker, 334 S.W.3d 756, 762 (Tenn. Ct. App. 2010). Satisfying these three elements is not an easy burden to meet, considering that the Tennessee Supreme Court "has adopted and applied the high threshold standard described in the Restatement

---
[1] "Intentional infliction of emotional stress and outrageous conduct are simply different names for the same cause of action". Lyons v. Farmers Ins. Exch., 26 S.W.3d 888, 893 (Tenn. Ct. App. 2000).

3

(Second) of Torts." Id. at 762-763 (quoting Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997)).

Restatement (Second) of Torts § 46, comment d (1965), states:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"

Id. at 763 (quoting Bain v. Wells, 936 S.W.2d 618, 623 (Tenn. 1997)). "Outrageous conduct does not include 'mere insults, indignities, threats, annoyances, petty oppression or other trivialities.'" Id. (quoting Levy v. Franks, 159 S.W.3d 66, 83 (Tenn. Ct. App. 2004)).

Defendant W.C. White's actions of terminating Plaintiff do not constitute outrageous conduct because his actions were neither extreme nor outrageous. Moreover, Defendant W.C. White's conduct must have been so outrageous and extreme as to surpass all "bounds of decency." Here, Defendant W.C. White's handling of Plaintiff's issues with Barrigan simply do not meet this high threshold standard. Any humiliation, embarrassment or frustration Plaintiff may have felt as a result of his termination is insufficient. The facts presented to the Court do not support such a claim. Consequently, Defendant W.C. White's Motion to dismiss Plaintiff's outrageous conduct claim will be granted.

## **CONCLUSION**

On the basis of the foregoing, Defendant W.C. White's Motion for Partial Judgment on the Pleadings (Docket Entry No. 18) will be granted.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE